IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOEL ARTHUR DAVIS,

    **Plaintiff,**

    v.                                                                    CASE NO. 22-3204-JWL-JPO

REMINGTON DALKE, et al.,

    **Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff brings this pro se action under 42 U.S.C. § 1983. On September 19, 2022, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 3) ("MOSC"), granting Plaintiff until October 14, 2022, in which to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. Plaintiff has failed to file a response by the Court's deadline.

Plaintiff claims his due process rights were violated at his sentencing in his state criminal case. He names the county prosecutor and his defense attorney as the only defendants. Plaintiff claims his attorney would not let him speak at his sentencing and "basically told [him] to shut up." (Doc. 1, at 3.) Plaintiff also claims ineffective assistance of counsel due to his attorney's failure to do anything for him, stating that his attorney "took [his] money and disappeared." *Id*. For relief, Plaintiff seeks to be resentenced or to have his sentence overturned, and to be released from custody. *Id*. at 5.

The Court found in the MOSC that to the extent Plaintiff challenges the validity of his sentence in his state criminal case, his federal claim must be presented in habeas corpus. "[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, *but not to the fact or length of his custody*." *Preiser v.*

*Rodriguez,* 411 U.S. 475, 499 (1973) (emphasis added).  The Court also found that before Plaintiff may proceed in a federal civil action for monetary damages based upon an invalid conviction or sentence, he must show that his conviction or sentence has been overturned, reversed, or otherwise called into question.  *Heck v. Humphrey*, 512 U.S. 477 (1994).  Plaintiff has not alleged that the conviction or sentence has been invalidated.

The Court also found in the MOSC that Plaintiff named improper defendants.  Plaintiff's claims against the county prosecutor fail on the ground of prosecutorial immunity.  Plaintiff has not shown that his state court defense attorney was acting under color of state law as required under § 1983.

The MOSC provides that "[f]ailure to respond by the deadline may result in dismissal of this matter without further notice."  (Doc. 3, at 6.)  Plaintiff has failed to respond by the deadline and has failed to show good cause why his Complaint should not be dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim.

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to proceed in forma pauperis (Doc. 4) is **denied.**

**IT IS SO ORDERED**.

**Dated October 24, 2022, in Kansas City, Kansas.**

**S/  John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**
